IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| IN RE:<br><br>RANDALL K. FALWELL,<br><br>    Debtor(s). | Chapter 7<br>Case No. 12-60246 |
| ANDREW S. GOLDSTEIN,<br><br>    Movant(s),<br><br>v.<br><br>RANDALL K. FALWELL,<br><br>    Respondent(s). | |

**MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE**

NOW COMES Andrew S. Goldstein, (the "Trustee"), by counsel, and moves this Court for entry of an order requiring Randall K. Falwell (the "Debtor") to turnover certain property of the bankruptcy estate pursuant to 11 U.S.C. § 542, and for his reasons states as follows:

1. The Debtor filed a chapter 13 bankruptcy case on February 2, 2012 (the "Petition Date"), which case was converted to a chapter 7 bankruptcy case on September 5, 2012.

2. Prior to his current bankruptcy case, the Debtor filed a chapter 13 bankruptcy case on May 13, 2011, which case was dismissed on January 17, 2012.

3. The Plaintiff Trustee is the chapter 7 trustee assigned to administer the bankruptcy estate of the Debtor.

4. On December 28, 2011, while the Debtor was in his first bankruptcy case, he authorized the sale of certain property owned by B & F Properties, Inc., a corporation in which he held an interest.

MAGEE GOLDSTEIN
LASKY & SAYERS
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

5. After payment of liens, the Debtor received $71,210.66. A copy of the settlement statement relating to the transaction and recorded deed are attached as **EXHIBIT 1**.

6. The Debtor personally received and was in control of the proceeds of $71,210.66, which funds were deposited into an accounted owned personally by Mr. Falwell.

7. In his bankruptcy schedules, the Debtor reported ownership of one account, "Checking BB&T," with a balance of $2,500.

8. In fact, on the Petition Date the Debtor owned multiple accounts at BB&T and other financial institutions with aggregate balances on the Petition Date of, at a minimum, $23,474.39.

9. Just one month prior, during his first chapter 13 bankruptcy case, the Debtor held $46,210.66.

10. The Debtor maintained access to and personal use of these accounts without notifying his bankruptcy trustee or the Court of the existence of the funds.

11. The Debtor's bankruptcy estate includes all funds within his possession and control as of the Petition Date, except funds that were exempted.

12. Accordingly, the Debtor must turnover to the Trustee for administration as part of his bankruptcy estate all funds in his possession or control as of the Petition Date except for $2,500, which was exempted.

WHEREFORE, the trustee requests that the Court enter an order requiring that the Debtor provide evidence of all funds in his control and possession as of the date of his bankruptcy, documentary evidence of the disposition of the proceeds of the sale of B & F Properties, Inc.'s assets, and turnover all funds in his possession as of the Petition Date and for such other and further relief as the Court deems appropriate.

MAGEE GOLDSTEIN
LASKY & SAYERS
ATTORNEYS
P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

Date: January 31, 2014                    Respectfully submitted,

                                            ANDREW S. GOLDSTEIN, Trustee

                                            By: /s/ Garren R. Laymon
                                                Of Counsel

Andrew S. Goldstein, Esq. (VSB #28421)
Garren R. Laymon, Esq. (VSB #75112)
Magee Goldstein Lasky & Sayers, P.C.
P.O. Box 404
Roanoke, VA  24003-0404
Telephone:  (540) 343-9800
Facsimile:  (540) 343-9898
Electronic Mail: glaymon@mglspc.com
*Counsel for the Trustee*

U:\A CLIENTS\TRUSTEE CASES 2568\Falwell, Randall K.    481\Turnover Motion\Turnover Motion.doc

MAGEE GOLDSTEIN
LASKY & SAYERS
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

3